UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFRI ALEXANDER LINARES-ZUNIGA, A-201-589-988,<br><br>Petitioner,<br><br>v.<br><br>WARDEN CENTRAL VALLEY ANNEX,<br><br>Respondent. | No. 1:26-cv-07800-TLN-CKD P<br><br><u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and proceeds without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This case was referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636(b)(1) and the Court's minute order on September 25, 2026. (ECF No. 4.) The petition and respondent's opposition to the petition are before the court. (ECF Nos. 1, 7.) No further briefing is necessary. For the reasons set forth below, the undersigned recommends the Court grant the petition to the extent that respondent be ordered to provide petitioner a bond hearing before an immigration judge.

**I. Background**

Petitioner is a native of Guatemala who entered the United States as a minor on December 25, 2018. (ECF No. 1 at 8; ECF No. 7 at 3.) On that day, petitioner was released into the United States on an Order of Release on Recognizance that included a condition that he not commit any

crimes. (ECF No. 7 at 9-11.) Petitioner has lived in the United States for several years since then and developed important family and personal ties during that time. (ECF No. 1 at 8.) Petitioner was ordered removed and his appeal of the removal order is pending before the Board of Immigration Appeals. (Id. at 2-3.)

Petitioner acknowledges he has had prior "criminal-history contacts" and that he stopped attending required appointments in connection with probation for a matter alleging domestic violence. (ECF No. 1 at 3; see also ECF No. 17 at 17-24.) On September 27, 2025, petitioner was arrested by police in Virginia for an incident he alleges involved disorderly conduct or a disturbance in public. (Id. at 8.) Petitioner transferred to the custody of immigration officials on October 3, 2025, and has been detained since continuously then. (ECF No. 7 at 4.) Through the present petition, he seeks his release. (Id. at 7.)

Respondent filed an opposition to the petition. (ECF No. 7.) Respondent contends the applicable detention authority is 8 U.S.C. § 1225(b)(2)(A) but acknowledges the Ninth Circuit recently held that § 1226 governs petitioner's detention. (Id.) Respondent states petitioner is entitled to seek a custody redetermination before an immigration judge. (Id. at 1-2.)

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

## III. Discussion

Petitioner was living in the United States when he was re-detained by immigration officials in 2025 and he is not subject to a final order of removal. The applicable detention authority is 8 U.S.C. § 1226. Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that noncitizens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)). Under § 1226(a), the government has discretion whether to release or detain an individual, subject to

"extensive procedural protections … including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022). The record contains no indication petitioner has received any individualized determination as to his custody status since being detained by immigration officials more than a year ago. Petitioner is detained in violation of the INA.

The record further indicates petitioner had a liberty interest in his continued freedom protected by the Due Process Clause because he was previously released from ICE custody on an Order of Release on Own Recognizance. "Even if [petitioner] is subject to removal or his freedom could be revoked by statute, that interest is still protected by the Due Process Clause." Gurtaj S. v. Bondi, No. 1:26-CV-01031-TLN-CSK, 2026 WL 2225023, at *1 (E.D. Cal. Aug. 3, 2026); see also, e.g., Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (holding a petitioner's prior release into the United States after a determination he presents no danger to the community or flight risk gives rise to a "heightened" liberty interest in remaining out of detention); Ramirez Bernal v. Mullin, No. 1:26-CV-04104-DAD-CSK (HC), 2026 WL 1785265, at *1 (E.D. Cal. June 22, 2026) (holding noncitizen released on an order of own recognizance developed a protected liberty interest in remaining out of custody while living freely in the community for approximately four years).

Having found petitioner has a clear interest in his continued freedom protected by the Due Process Clause, the court considers the three factors set forth in Mathews v. Eldridge, 424 U.S. 319, 335 (1976). Petitioner has a substantial private interest in maintaining his out-of-custody status. Freedom from imprisonment is at the core of the Due Process Clause. Zadvydas, 533 U.S. at 690. The risk of erroneous deprivation of this private interest is considerable because there is no indication petitioner has been afforded an individualized determination whether he should be released or detained while removal proceedings are ongoing. However, respondent may have a legitimate interest in petitioner's detention based on circumstances relating to petitioner's criminal history, including the incident that preceded his arrest by police in Virginia prior to his

present period of immigration detention. The undersigned recommends petitioner be provided a prompt post-deprivation bond hearing as the appropriate remedy rather than outright release. See Singh v. Chestnut, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *2, 4 (E.D. Cal. Feb. 2, 2026) (ordering a post-deprivation bond hearing for a petitioner formerly released on his own recognizance and detained by ICE after an arrest where the government "may well have a legitimate interest in [p]etitioner's detention based on the information contained in the arrest report"); J.S.H.M. v. Wofford, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15-16 (E.D. Cal. Oct. 16, 2025) (ordering bond hearing where there was a dispute of fact as to whether violations of release terms occurred and ICE's reliance upon those violations was not obviously pretextual).

**IV. Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas under 28 U.S.C. § 2241 be granted.
2. Respondent be ordered to provide petitioner a bond hearing before an Immigration Judge within fourteen (14) days of adoption of these findings and recommendations.
3. Judgment be entered in petitioner's favor and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven (7)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 12, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 lina7800.mer