UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JEFRI ALEXANDER L.Z.,[1]

Petitioner,

v.

WARDEN CENTRAL VALLEY ANNEX,

Respondent.

No. 1:26-cv-07800-TLN-CKD

A# 201-589-988

**RELEASE ORDER**

Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 13, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 9.) Respondent filed objections to the findings and recommendations "for the reasons stated in their Response." (ECF No. 10.)

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having reviewed the file, the Court finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis. However, the Court agrees with Petitioner that the appropriate relief is immediate release from custody rather than a bond hearing.

"Habeas is at its core a remedy for unlawful executive detention . . . [and] [t]he typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 536 (2004)); *see Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("the traditional function of the writ is to secure release from illegal custody."); *Pinson v. Carvajal*, 69 F.4th 1059, 1070 (9th Cir. 2023) ("the history of habeas corpus demonstrates why release from confinement is the only available remedy for claims at the writ's core[.]").

This Court has routinely ordered the release of individuals detained in violation of the Immigration and Nationality Act ("INA"). *See*, *e.g.*, *Dinesh S. v. Chestnut*, No. 1:26-CV-01717-TLN-EFB, 2026 WL 1028016, at *2–3 (E.D. Cal. Apr. 16, 2026) (ordering release where petitioner's detention violated the INA); *see also Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025) (same); *A.E.R.T. v. Wofford*, No. 1:25-CV-01824-KES-SKO, 2025 WL 3645297, at *2 (E.D. Cal. Dec. 16, 2025) (same).

As the magistrate judge correctly found, Petitioner's civil immigration detention violates the INA, codified at 8 U.S.C. § 1226(a). (ECF No. 9 at 3.) Although Respondents concede Petitioner is entitled to a custody determination hearing under § 1226(a) (ECF No. 7), they have not provided any such hearing in over *twelve months* of detention (ECF No. 9), nor have they scheduled any such hearing (ECF No. 7). Even if it were appropriate to revoke Peitioner's release for failure to attend probation appointments, revocation of liberty must always comport with due process. *See Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process[.]"). Respondents have had over a year to provide Petitioner with a custody hearing and have instead elected to deny Petitioner his opportunity to be heard "at a meaningful time and

in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (citing *Grannis v. Ordean*, 234 U.S. 385, 394 (1914))). Moreover, Respondents do not contend that Petitioner is a danger to the community or a flight risk. (ECF No. 7.) Therefore, the Court sees no reason to deviate from the relief it has granted myriad analogous petitioners. Based on Petitioner's unlawful detention for over a year, the appropriate remedy in this case is not to bring the government into conformity with its governing statutes — which the government has had ample time to correct of its own accord — rather, it is to release Petitioner from unlawful custody. *See Dinesh S.*, 2026 WL 1028016, at *3 (citing *Quijada Cordoba v. Knight*, 809 F. Supp. 3d 1110, 1122 (D. Idaho 2025) (ordering release of detainee challenging his detention without a bond hearing and collecting cases); *Briceno Solano v. Mason*, No. 2:26-CV-00045, 2026 WL 311624, at *20 (S.D.W. Va. Feb. 4, 2026) (ordering release and rejecting the Government's argument that a bond hearing is the appropriate remedy)).

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations (ECF No. 9) are ADOPTED IN PART.

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

3. Respondents must IMMEDIATELY RELEASE Petitioner Jefri Alexander L.Z. (A# 201-589-988) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions. Respondents must file a **notice of compliance** with this provision **within two (2) court days** of the date of this Order.

4. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present.

5. Petitioner's motion to prohibit transfer (ECF No. 2) is DENIED as moot.

6. The Clerk of the Court is directed to serve this Order on the **Central Valley Annex,** enter judgment in favor of Petitioner, and close this case.

IT IS SO ORDERED.

**DATED: October 22, 2026**

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE